IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01658-BNB

NOUR GRIFFIN EVANS,

    Plaintiff,

v.

SERGEANT R. DOIZAKI, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY L. EMERSON, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY D. THOMPSON, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY S. BANCROFT, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY D. KLEINHEKSEL, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY C. WENZEL, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY T. BAHRS, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY B. KNUDSEN, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY S. ROLEN, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY K. ELLEDGE, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
PH. D. COHEN, Individually and in his Official Capacity as Contract Doctor for Arapahoe County,
NURSE T. GOSS, Individually and in his Official Capacity as Contract Nurse for Arapahoe County,
NURSE T. SICOTTE, , Individually and in her Official Capacity as Contract Nurse for Arapahoe County,
CIVIL SERVANT E. MYERS, Individually and in her Official Capacity as Contract Employee for Arapahoe County,
LIEUTENANT CRECELIUS, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
COUNTY OF ARAPAHOE, Arapahoe County, Colorado, and

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 3 1 2010

GREGORY C. LANGHAM
                CLERK

DENVER HEALTH HOSPITAL, Denver City and County, Colorado, as Medical Services Contractor for Arapahoe County,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Nour Griffin Evans, is a pre-trial detainee currently incarcerated at the Arapahoe County Detention Facility. He initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 on July 13, 2010. Mr. Evans has been granted leave to proceed *in forma pauperis*.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.* Under Section 1983, a plaintiff must allege that the defendants have violated his or her rights under the United States Constitution while the defendants acted under color of state law. For the reasons stated below, Mr. Evans will be directed to file an amended complaint.

Mr. Evans asserts three claims. First, he asserts that numerous Defendants assaulted him on March 5, 2010, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Second, he asserts that Defendants Cohen, Goss,

and Meyers were deliberately indifferent to his serious medical needs because they refused to treat the injuries Mr. Evans sustained during the March 5 assault. Third, he asserts that Defendants County of Arapahoe and Denver Health Hospital have failed to properly train or supervise their employees. Nonetheless, Mr. Evans fails to assert how each named Defendant violated his constitutional rights.

Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). *Id.* Mr. Evans must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Evans fails to assert that Defendants Sicotte and Crecelius personally participated in the alleged constitutional violations. Therefore, he will be directed to file an Amended Complaint that alleges how all named Defendants personally participated in the alleged constitutional violations. The Amended "[C]omplaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Further, Mr. Evans is suing improper parties. Municipalities and municipal entities, like Defendant County of Arapahoe, are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Evans cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

In addition, it is not clear whether Defendant Denver Health Medical Center, named as Denver Health Hospital, is a state actor. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes*, 398 U.S. at 150. Therefore, Mr. Evans may not sue Denver Health Medical Center for money damages pursuant to § 1983 if the medical center is a private entity.

Mr. Evans also may not sue Denver Health Medical Center for money damages if the medical center is a state entity. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental*

*Health*, 41 F.3d 584, 588 (10th Cir. 1994).

Lastly, if Denver Health Medical Center is a municipal entity, it still may not be sued for money damages because, as set forth above, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. **Monell v. New York City Dep't of Social Servs.**, 436 U.S. 658, 694 (1978); **Hinton v. City of Elwood, Kan.**, 997 F.2d 774, 782 (10th Cir. 1993).

Therefore, Mr. Evans will be directed to file an Amended Complaint that alleges the personal participation of each Defendant and that names only proper parties to the action. Accordingly, it is

ORDERED that Plaintiff, Nour Griffin Evans, file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that it shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Evans, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Evans fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED August 31, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01658-BNB

Nour Griffin Evans
Prisoner No. 200900015315
Arapahoe County Det. Facility
PO Box 4918
Centennial, CO 80155-4918

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 8/31/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk