ReneeIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01658-PAB-BNB

NOUR GRIFFIN EVANS,

Plaintiff,

v.

SERGEANT R. DOIZAKI, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY L. EMERSON, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY D. THOMPSON, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY S. BANCROFT, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY D. KLEINHEKSEL, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY C. WENZEL, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY T. BAHRS, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY B. KNUDSEN, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY S. ROLEN, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY K. ELLEDGE, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
PH. D. COHEN, Individually and in his Official Capacity as Contract Doctor for Arapahoe County,
NURSE T. GOSS, Individually and in his Official Capacity as Contract Nurse for Arapahoe County,
NURSE T. SICOTTE, , Individually and in her Official Capacity as Contract Nurse for Arapahoe County,
CIVIL SERVANT E. MYERS, Individually and in her Official Capacity as Contract Employee for Arapahoe County,

Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter arises on **Defendants** [sic] **Dr. Cohen's Motion to Dismiss Plaintiff's Amended Prisoner Complaint** [Doc. #38, filed 01/05/2010] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, I may treat the motion as a Rule 56 summary judgment motion when matters outside the pleadings are presented to and not excluded by me, and all parties have been given a reasonable opportunity to respond as provided in Rule 56. Fed.R.Civ.P. 12(d). However, without

converting a motion to dismiss into one for summary judgment, I may consider documents that are referred to in the complaint and are central to the plaintiff's claims, as long as the authenticity of such documents is undisputed. Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002). The plaintiff attached to his response copies of the medical request forms that he refers to in his complaint. *Response to Defendant Cohen's Motion to Dismiss* [Doc. #53] (the "Response"), pp. 6-14. The forms are central to his claims, and the defendant does not dispute their authenticity. Therefore, I may consider the forms as not "outside the pleading" for purposes of the Rule 12(b)(6) motion to dismiss.

## II. BACKGROUND

The plaintiff is incarcerated by the Colorado Department of Corrections ("DOC"). He filed his Amended Prisoner Complaint on October 4, 2010 [Doc. #16] (the "Complaint"). At all times pertinent to the allegations of the Complaint, the plaintiff was a pretrial detainee at the Arapahoe County Detention Facility ("ACDF"). The Complaint contains the following allegations relevant to defendant Dr. Cohen:

1. On March 19, 2010, the plaintiff sustained multiple injuries from a confrontation between the plaintiff and several deputies. After the confrontation, he was evaluated by a nurse in the Behavioral Control Unit. *Complaint*, p. 14, ¶¶ 1-4.[1]

2. Later that day, the plaintiff was seen by another nurse. When asked about x-rays, the nurse told the plaintiff that he would be placed on the list and should be called in two or three days. Id. at ¶ 5.

---

[1]The Complaint is not consecutively paginated. I cite to the page numbers of the Complaint as they are assigned by the court's docketing system.

  3. On March 20, 2010, the plaintiff awoke in excruciating pain from his injuries. Id. at ¶ 6. He submitted a medical request form to "PH.D Cohen." Dr. Cohen never came to see the plaintiff, nor did he request that the plaintiff be "brought forth for a visit." Id. at pp. 14-15, ¶ 7.

  4. The plaintiff did not receive any other medical treatments or follow-up visits. Id. at p. 15, ¶ 8.

  5. On April 14, 2010, after weeks of waiting, the plaintiff submitted a grievance. Id. at ¶ 9. Defendant Myer[2] responded to the grievance. Id. at ¶ 10.

  6. On April 16, 2010, the plaintiff submitted a second grievance. Id. at ¶ 11. Defendant Myer also responded to the second grievance. Id. at ¶ 12.

  7. On April 22 and 23, 2010, the plaintiff submitted medical request forms complaining about his injuries and his pain. Id. at p. 15-16, ¶ 13. "On April 24, 2010, the plaintiff was in receipt of a response from PH.D Cohen stating that the plaintiffs [sic] injuries were not discussed and that he would ask lawyers if his notes could be given to the plaintiff in regard to" Myer's response to his grievances. Id. at p. 15, ¶ 14. On April 26, the plaintiff received another response from Dr. Cohen which requested the plaintiff's authorization to seek an orthopedic consultation. The plaintiff consented to the consult. Id. at ¶ 15.

  8. On May 18, 2010, the plaintiff submitted another medical request form complaining of difficulties sleeping and performing daily functions due to shoulder pain. On May 19, 2010, Dr. Cohen answered stating that an appointment had been scheduled at Denver Health Hospital. Id. at ¶ 16.

---

[2]The plaintiff has named "Elaine Myers" as a defendant. The correct spelling of the defendant's last name is Myer. *Defendants Goss and Myers's Motion to Dismiss* [Doc. #32], p. 2. I use the correct spelling of the defendant's name in this Recommendation.

9. On May 24, 2010, the plaintiff was transported to Denver Health Hospital. X-rays were obtained, a physical examination was performed, and more appointments were scheduled. Further testing and rehabilitation are needed. It is unclear whether surgery will be necessary. Id. at ¶ 17.

The Complaint asserts two claims. Claim Two is brought against Dr. Cohen and others for deliberate indifference to the plaintiff's medical needs in violation of the Eighth Amendment. Id. at p. 8, ¶ 13; p. 9, ¶ 15; p. 14. The plaintiff states that Dr. Cohen "purposely ignored the serious medical needs of plaintiff after medical kite addressing issues was sent to this defendant, and failing to investigate enough to make an informed judgment." Id. at p. 8, ¶ 12 (internal quotations omitted).

### III. ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The cruel and unusual punishment clause of the Eighth Amendment is concerned with conditions of confinement after a formal adjudication of guilt. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). Consequently, pretrial detainees are not protected by the Eighth Amendment's prohibition against cruel and unusual punishment. Rather, pretrial detainees, by the very nature of their status, "may not be punished prior to an adjudication of guilt in accordance with due process of law." Id. at 535. Nevertheless, in order to state a claim for violation of due process, a

pretrial detainee's claim for inadequate medical care must meet the Eighth Amendment's requirements in alleging deliberate indifference to a serious medical need. Martinez v. Beggs, 563 F.3d 1082, 1088 (10th Cir. 2009).

To establish a claim for deliberate indifference, a plaintiff must prove both an objective component and a subjective component. The objective component is met if the inmate's medical need is sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)). The subjective component to a deliberate indifference claim is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

The plaintiff claims that Dr. Cohen ignored his medical needs after medical request forms were sent to him and he failed "to investigate enough to make an informed judgment." *Complaint*, p. 8, ¶ 12. The Complaint alleges that the plaintiff sent Dr. Cohen medical request forms on March 20, 2010; April 22, 2010; April 23, 2010; and May 19, 2010.

As to the first medical request form, the Complaint alleges that on March 20, 2010, the plaintiff awoke in excruciating pain and submitted a medical request form Dr. Cohen, but Dr. Cohen never saw the plaintiff. However, Dr. Cohen responded to the plaintiff's complaint of pain by stating that "[s]ince you are on so many meds for pain now, I cannot increase dosing - I

could switch you from Ibuprofen instead of Ultrom if you wish. Nurses will continue to evaluate. Let me know." *Response*, p. 8. Dr. Cohen did not ignore the plaintiff's complaint; rather, he offered the plaintiff a different type of pain medication.

The plaintiff does not provide a copy of the medical request form he submitted on April 22, 2010. Nevertheless, he alleges Dr. Cohen responded that "the plaintiffs [sic] injuries were not discussed and that he would ask lawyers if his notes could be given to the plaintiff in regard to" Myer's response to his grievances. This allegation is incomprehensible and does not show that Dr. Cohen was deliberately indifferent to the plaintiff's medical needs.

On April 23, 2010, the plaintiff submitted a medical request form that states that he is "still having pain in left & right shoulder due to injuries suffered on 1/6" and on "1/29," and that he believed there was further damage after the assault on "3/19." Dr. Cohen responded that the plaintiff's "right shoulder x-ray is OK"; an orthopedic consultation would be obtained pending the plaintiff's approval; and that although he had previously evaluated the plaintiff's chronic shoulder pain on January 6, 2010, if the plaintiff wished to be re-evaluated, he would "gladly do so but understand the mild arthritic changes can only be improved with usage & exercise." *Response*, p. 10. Dr. Cohen's response does not demonstrate deliberate indifference. To the contrary, Dr. Cohen acknowledged that the plaintiff's x-ray was acceptable; he would obtain an orthopedic consultation for the plaintiff; and he would be glad to re-evaluate the plaintiff's shoulder.

On May 18, 2010, the plaintiff submitted a medical request form which stated that he was experiencing extreme pain in his shoulders; his medication, Neurontin, was not helping the pain; he was having difficulty sleeping; and it had been 60 days since the incident and he still had not

7

received any medical attention. *Response*, p. 12. Dr. Cohen responded that the plaintiff had an appointment with an orthopedic surgeon "very soon"; he was giving the plaintiff a very high dose of Neurontin; and he would add Tylenol, Ibuprofen, or Naproxyn if the plaintiff requested. The Complaint alleges that the plaintiff was seen by an orthopedic specialist on May 24, 2010.

Rather than demonstrating deliberate indifference, the allegations of the Complaint and the medical request forms demonstrate that Dr. Cohen offered to re-evaluate the plaintiff's shoulder; treated the plaintiff with pain medications; and obtained an orthopedic consultation for the plaintiff. To the extent the plaintiff believes Dr. Cohen should have done more or should have done something differently, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 811 (10th Cir. 1999). As the Court stated in Estelle v. Gamble:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

429 U.S. 97, 106 (1976).

## IV.  CONCLUSION

I respectfully RECOMMEND that Defendants [sic] Dr. Cohen's Motion to Dismiss Plaintiff's Amended Prisoner Complaint [Doc. #38] be GRANTED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections

waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 29, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge