IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01658-PAB-BNB

NOUR GRIFFIN EVANS,

Plaintiff,

v.

SERGEANT R. DOIZAKI, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY L. EMERSON, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY D. THOMPSON, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY S. BANCROFT, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY D. KLEINHEKSEL, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY C. WENZEL, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY T. BAHRS, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY B. KNUDSEN, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY S. ROLEN, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY K. ELLEDGE, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
PH. D. COHEN, Individually and in his Official Capacity as Contract Doctor for Arapahoe County,
NURSE T. GOSS, Individually and in his Official Capacity as Contract Nurse for Arapahoe County,
NURSE T. SICOTTE, , Individually and in her Official Capacity as Contract Nurse for Arapahoe County,
CIVIL SERVANT E. MYERS, Individually and in her Official Capacity as Contract Employee for Arapahoe County,

Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter arises on **Defendant Sicotte's Motion to Dismiss Plaintiff's Amended Prisoner Complaint** [Doc. #54, filed 02/02/2010] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

### I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, I may treat the motion as a Rule 56 summary judgment motion when matters outside the pleadings are presented to and not excluded by me, and all parties have been given a reasonable opportunity to respond as provided in Rule 56. Fed.R.Civ.P. 12(d). The plaintiff attached to his

response a copy of a grievance. Because I do not refer to the attachment in my analysis of the Motion to Dismiss, I need not convert the motion into one for summary judgment. Fed.R.Civ.P. 12(d).

## II.   BACKGROUND

The plaintiff is incarcerated by the Colorado Department of Corrections ("DOC"). He filed his Amended Prisoner Complaint on October 4, 2010 [Doc. #16] (the "Complaint"). At all times pertinent to the allegations of the Complaint, the plaintiff was a pretrial detainee at the Arapahoe County Detention Facility ("ACDF").

The Complaint asserts two claims. Claim Two is brought against Sicotte and others for deliberate indifference to the plaintiff's medical needs in violation of the Eighth Amendment. *Complaint*, p. 8, ¶ 13; p. 9, ¶ 15; p. 14.[1] The plaintiff is suing the defendants in their individual and official capacities. He seeks $350,000.00 in damages. Id. at p. 18.

## III.   ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The cruel and unusual punishment clause of the Eighth Amendment is concerned with conditions of confinement after a formal adjudication of guilt. Bell v. Wolfish, 441 U.S. 520,

---

[1] The Complaint is not consecutively paginated. I cite to the page numbers of the Complaint as they are assigned by the court's docketing system.

535 n.16 (1979). Consequently, pretrial detainees are not protected by the Eighth Amendment's prohibition against cruel and unusual punishment. Rather, pretrial detainees, by the very nature of their status, "may not be punished prior to an adjudication of guilt in accordance with due process of law." Id. at 535. Nevertheless, in order to state a claim for violation of due process, a pretrial detainee's claim for inadequate medical care must meet the Eighth Amendment's requirements in alleging deliberate indifference to a serious medical need. Martinez v. Beggs, 563 F.3d 1082, 1088 (10th Cir. 2009).

To establish a claim for deliberate indifference, a plaintiff must prove both an objective component and a subjective component. The objective component is met if the inmate's medical need is sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)). The subjective component to a deliberate indifference claim is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

The Complaint's sole allegation against Sicotte is that she "delayed proper treatment by not making a timely referral to a physician for further testing and denial of access to medical personnel." *Complaint*, p. 9, ¶ 14.

"Despite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Bryson v. Gonzales, 534 F.3d 1282, 1286 (10th Cir. 2008) (alteration and quotation omitted). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations and citation omitted). If the complaint's allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." Id. (internal quotations and citation omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Id. The Complaint's allegation against Sicotte does not contain any specific facts to show that Sicotte was deliberately indifferent to the plaintiff's serious medical needs.

In his response to the defendant's Motion, the plaintiff states that Sicotte "was aware of the seriousness of plaintiff's medical condition and is guilty of willful and malicious acts or omissions designed to aggravate [sic] these conditions when on March 19th 2010 the defendant acted in reckless disregard to my well-being by falsely reporting to supervisory prison officials that she administered follow-up care in the form of a second evaluation on the plaintiff." *Response to Defendant Sicotte's Motion to Dismiss* [Doc. #65] (the "Response"), p. 4.[2] He further states that "Sicotte's failure to perform second evaluation to my serious medical needs, and her reckless disregard to my well-being, when she falsely stated that she conducted

---

[2] I refer to the page numbers of the Response as they are assigned by the court's docketing system.

5

assessment of my medical condition, prevented me from receiving proper recommended treatment and access to medical personnel capable of evaluating the need for treatment, is a direct result of defendant's violation of her responsibilities that amounts to deliberate indifference to an unreasonable risk of harm, in violation of the Eigth [sic] Amendment." Id.

The plaintiff cannot rectify his pleading deficiencies by asserting new facts in a brief opposing a motion to dismiss.  See Perkins v. Silverstein, 939 F.2d 463, 471 (7th Cir.1991) ("a complaint may not be amended by briefs in opposition to a motion to dismiss.").

Moreover, the allegations in the Response are conclusory and appear to controvert the allegations of the Complaint.  The Complaint alleges that (1) the plaintiff was injured on March 19, 2010, after a confrontation between the plaintiff and deputies; (2) the plaintiff was examined by Nurse Tim Goss immediately after the confrontation; and (3) he was examined again later that day by "Nurse Loretta."  *Complaint*, p. 14, ¶¶ 1, 2, 5.  The Response's additional allegations state that Sicotte failed to perform a second evaluation on March 19, 2010, which prevented him from receiving proper treatment.  He does not allege any specific facts to show why Sicotte's alleged failure to examine him prevented him from receiving proper treatment, especially in light of the Complaint's allegations that he was seen by medical personnel twice that day.  To state a claim in federal court, a complaint must explain what the defendant did to the plaintiff; when the defendant did it; how the defendant's action harmed the plaintiff; and what specific legal right the plaintiff believes the defendant violated.  Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

Because the Complaint fails to allege any specific facts from which to infer that Sicotte was deliberately indifferent to the plaintiff's medical needs, the Motion should be granted.

## IV.  CONCLUSION

I respectfully RECOMMEND that Defendant Sicotte's Motion to Dismiss Plaintiff's Amended Prisoner Complaint [Doc. #54] be GRANTED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 29, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge