IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01658-PAB-BNB

NOUR GRIFFIN EVANS,

Plaintiff,

v.

SERGEANT R. DOIZAKI, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY L. EMERSON, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY D. THOMPSON, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY S. BANCROFT, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY D. KLEINHEKSEL, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY C. WENZEL, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY T. BAHRS, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY B. KNUDSEN, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY S. ROLEN, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
DEPUTY K. ELLEDGE, Individually and in his Official Capacity as Deputy Sheriff for Arapahoe County,
PH. D. COHEN, Individually and in his Official Capacity as Contract Doctor for Arapahoe County,
NURSE T. GOSS, Individually and in his Official Capacity as Contract Nurse for Arapahoe County,
NURSE T. SICOTTE, , Individually and in her Official Capacity as Contract Nurse for Arapahoe County,
CIVIL SERVANT E. MYERS, Individually and in her Official Capacity as Contract Employee for Arapahoe County,

Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter arises on **Defendants Goss and Myers's Motion to Dismiss** [Doc. #32, filed 12/01/2010] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

### I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

### II. BACKGROUND

The plaintiff is incarcerated by the Colorado Department of Corrections ("DOC"). He filed his Amended Prisoner Complaint on October 4, 2010 [Doc. #16] (the "Complaint"). At all times pertinent to the allegations of the Complaint, the plaintiff was a pretrial detainee at the

Arapahoe County Detention Facility ("ACDF"). The Complaint contains the following allegations pertinent to defendants Goss and Myer:[1]

1. On March 19, 2010, the plaintiff sustained multiple injuries from a confrontation between the plaintiff and several deputies. After the confrontation, he was taken to the Behavioral Control Unit. *Complaint*, p. 14, ¶ 1.[2]

2. The plaintiff was examined by defendant Tim Goss, a nurse at ACDF. Id. at ¶ 2. The plaintiff complained to Goss about injuries to his head, shoulders, back, and other areas of his body. Id. at ¶ 3. Goss performed "minimal dexterity tests" on the plaintiff; obtained photographs of the visible injuries; and advised the plaintiff that xrays would be taken. Id. at ¶ 4.

3. On April 14, 2010, the plaintiff filed a grievance because "there were not any other medical treatments, follow-ups, or the like." Id. at p. 15, ¶¶ 8-9 (emphasis in original).

4. On April 16, 2010, defendant Myer responded to the plaintiff's grievance. Her response "contained complete 'fallacies' and 'falsities.'" Id. at ¶ 10.

5. On April 16, 2010, the plaintiff submitted to Lieutenant Creclius a second grievance. Id. at ¶ 11. Defendant Myer answered the second grievance with "more 'fallacies' and 'falsities.'" Id. at ¶ 12.

---

[1] The plaintiff has named as a defendant "Elaine Myers." The correct spelling of the defendant's last name is Myer. *Motion*, p. 2. I use the correct spelling of the defendant's name in this Recommendation.

[2] The Complaint is not consecutively paginated. I cite to the page numbers of the Complaint as they are assigned by the court's docketing system.

6. "On May 24, 2010, the plaintiff was transported to [Denver Health Hospital]. Radiology photos were finally captured, and a physical examination was given by unknown doctor. More appointments were scheduled. Further testing and rehabilitation is needed. It is <u>unclear</u>, at this juncture, whether or not any elective or selective surgies [sic] will be needed." Id. at p. 16, ¶ 17 (emphasis in original) (internal quotations omitted).

The Complaint asserts two claims. Claim Two is brought against Goss, Myer, and others for deliberate indifference to the plaintiff's medical needs in violation of the Eighth Amendment. Id. at p. 8, ¶ 13; p. 9, ¶ 15; p. 14. The plaintiff states that Goss "failed to perform gate keeper role by referring plaintiff to a practioner [sic] for symptoms of sever [sic] chronic pain, and the ordering of diagnostic tests." Id. at p. 8, ¶ 13 (internal quotations omitted). He states that Myer violated his rights "when lack of adequate organization and control in the administration of health service resulted in the delay of treatment plaintiff would of [sic] obtained if this defendant would not have made medical decisions based on non-medical factors which therefore led to medical staff's failure to examine and treat plaintiff's severe pain, and resulted in delays in doctors seeing of plaintiff." Id. at p. 9, ¶ 15 (internal quotations omitted).

The plaintiff is suing the defendants in their individual and official capacities. He seeks $350,000.00 in damages. Id. at p. 18.

### III.  ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

### A. Qualified Immunity

The defendants assert that they are entitled to qualified immunity. *Motion*, p. 7. Qualified immunity shields government officials sued in their individual capacities from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).

When analyzing the issue of qualified immunity, I consider two factors. I must determine whether the plaintiff has sufficiently alleged a violation of a statutory or constitutional right. In addition, I must inquire whether the right was clearly established at the time of the violation. Wilson v. Layne, 526 U.S. 603, 609 (1999); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 745 (10th Cir. 1999).[3]

The cruel and unusual punishment clause of the Eighth Amendment is concerned with conditions of confinement after a formal adjudication of guilt. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). Consequently, pretrial detainees are not protected by the Eighth Amendment's prohibition against cruel and unusual punishment. Rather, pretrial detainees, by the very nature of their status, "may not be punished prior to an adjudication of guilt in accordance with due

---

[3]The order in which I may consider these factors is discretionary. Pearson v. Callahan, 555 U.S.223, 236 (2009). However, both prongs must be satisfied. Herrera v. City of Albuquerque, 589 F.3d 1064, 1070 (10th Cir. 2009).

process of law." Id. at 535.  Nevertheless, in order to state a claim for violation of due process, a pretrial detainee's claim for inadequate medical care must meet the Eighth Amendment's requirements in alleging deliberate indifference to a serious medical need.  Martinez v. Beggs, 563 F.3d 1082, 1088 (10th Cir. 2009).

To establish a claim for deliberate indifference, a plaintiff must prove both an objective component and a subjective component.  The objective component is met if the inmate's medical need is sufficiently serious.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)).  The subjective component to a deliberate indifference claim is met if a prison official "knows of and disregards an excessive risk to inmate health or safety."  Farmer, 511 U.S. at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.

To survive a motion to dismiss, a plaintiff must allege (1) a sufficiently serious medical need and (2) a sufficiently culpable state of mind.  Riddle v. Mondragon, 83 F.3d 1197, 1205-06 (10th cir. 1996).  Conclusory allegations, without supporting factual averments, are insufficient to state a claim for failure to protect in violation of the Eighth Amendment.  Id. at 1205.

### 1. Defendant Goss

The Complaint alleges that Goss initially examined the plaintiff; performed "minimal physical dexterity tests"; obtained photographs of the visible injuries; and advised the plaintiff

that x-rays would be taken. The plaintiff claims that Goss should have performed a "gate keeper role" by referring him to a practitioner for pain management and diagnostic tests.

The Complaint's allegations show that Goss examined the plaintiff and formulated a treatment plan. Moreover, the plaintiff admits in his Response[4] that "Goss apprised his superiors of my condition, that x-rays should be obtained of my left and right shoulder areas, and the left side of face, and head for possible facial bone fracture or slight concussion, to be examined by a medical doctor, or possibly taken to outside hospital . . . ." *Response to Defendants Goss and Meyer's Motion to Dismiss* [Doc. #37] (the "Response"), p. 4.

To the extent Goss's examination and treatment plan did not satisfy the plaintiff, or might even constitute negligence, "[a] negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation" Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 811 (10th Cir. 1999). "[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." Id.

The Complaint does not contain any allegations to show that Goss was deliberately indifferent to the plaintiff's medical needs. Therefore, Goss is entitled to qualified immunity. The Motion should be granted to the extent it seeks dismissal of the claim against Goss.

---

[4] The plaintiff cannot rectify his pleading deficiencies by asserting new facts in a brief opposing motion to dismiss. See Perkins v. Silverstein, 939 F.2d 463, 471 (7th Cir.1991) ("a complaint may not be amended by briefs in opposition to a motion to dismiss."). I refer to the allegations of the plaintiff's Response to demonstrate that even if the plaintiff were permitted to amend his Complaint to add such allegations, the amendment would be futile.

## 2. Defendant Myer

The Complaint's allegations against Myer are equally deficient. The plaintiff alleges that her responses to his grievances contained "fallacies" and "falsities"; she made "medical decisions based on non-medical factors; and her lack of organization and control in the administration of health services resulted in a delay of the plaintiff's treatment. In his Response, the plaintiff attempts to further explain Myer's actions and inactions. *Response*, p. 5. However, he does not allege any facts to show that Myer subjectively intended the deprivation--that she acted with a culpable state of mind. To the contrary, he again concludes that it was Myer's lack of organization and control that resulted in the lack of timely treatment. Therefore, Myer is entitled to qualified immunity. The Motion should be granted insofar as it seeks dismissal of the claim against defendant Myer.

## B. Official Capacity Claims

The plaintiff is suing Goss and Myer in their official capacities as employees of Arapahoe County. *Motion*, p. 8. In Section 1983 suits, "acts of municipal department officials in their official capacity are equated with the acts of a municipality itself." Stump v. Gates, 777 F.Supp. 808, 816 (D.Colo. 1991) (citing Brandon v. Holt, 469 U.S. 464, 472 (1985) and Monell v. Dept. of Social Svcs., 436 U.S. 658, 690 n.55 (1978)).

In Monell v. New York City Dep't of Soc. Services, 436 U.S. 658 (1978), the Supreme Court held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."

Id. at 694.  A policy is a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the entities' officers.  Id. at 690.  A custom is a "persistent and widespread ... practice[] of ... officials."  Id. at 691 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-168 (1970)).

The plaintiff does not allege any facts which demonstrate that Goss and Myer were deliberately indifferent to his medical needs based on a policy, practice, or custom of Arapahoe County.  The Motion should be granted insofar as it seeks dismissal of the claims against Goss and Myer in their official capacities.

## IV.  CONCLUSION

I respectfully RECOMMEND that Defendants Goss and Myers's Motion to Dismiss [Doc. #32] be GRANTED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 29, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge