IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01658-PAB-BNB

NOUR GRIFFIN EVANS,

Plaintiff,

v.

SERGEANT R. DOIZAKI, Individually and in his Official Capacity as Deputy Sheriff for
Arapahoe County,
DEPUTY L. EMERSON, Individually and in his Official Capacity as Deputy Sheriff for
Arapahoe County,
DEPUTY D. THOMPSON, Individually and in his Official Capacity as Deputy Sheriff for
Arapahoe County,
DEPUTY S. BANCROFT, Individually and in his Official Capacity as Deputy Sheriff for
Arapahoe County,
DEPUTY D. KLEINHEKSEL, Individually and in his Official Capacity as Deputy Sheriff
for Arapahoe County,
DEPUTY C. WENZEL, Individually and in his Official Capacity as Deputy Sheriff for
Arapahoe County,
DEPUTY T. BAHRS, Individually and in his Official Capacity as Deputy Sheriff for
Arapahoe County,
DEPUTY B. KNUDSEN, Individually and in his Official Capacity as Deputy Sheriff for
Arapahoe County,
DEPUTY S. ROLEN, Individually and in his Official Capacity as Deputy Sheriff for
Arapahoe County, and
DEPUTY K. ELLEDGE, Individually and in his Official Capacity as Deputy Sheriff for
Arapahoe County,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

On August 6, 2010, the plaintiff was granted leave to proceed *in forma pauperis* pursuant

to 28 U.S.C. § 1915.  The order granting leave to proceed *in forma pauperis* states, in part:

> The Prisoner's Motion and Affidavit for Leave to Proceed
> Pursuant to 28 U.S.C. § 1915 will be granted.  Based on the
> information about the plaintiff's financial status, the court finds

that the plaintiff is able to pay an initial partial filing fee of $17.00 pursuant to § 1915(b)(1).  According, it is

* * *

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 is granted. Plaintiff shall be required to pay the full amount of the required $350.00 filing fee pursuant to 28 U.S.C. § 1915(b)(1) regardless of the outcome of this action.  It is

FURTHER ORDERED that, the plaintiff shall pay an initial partial filing fee of $17.00.  Plaintiff shall have thirty (30) days from the date of this order in which to have the designated fee sent to the clerk of the court or show cause why he has no assets and no means by which to make the designated initial partial filing fee.  In order to show cause, the plaintiff must file a current certified copy of his trust fund account statement.  It is

* * *

FURTHER ORDERED that, after payment of the initial partial filing fee, the plaintiff shall be required to make monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month as directed above why he has no assets and no means by which to make the monthly payment.  Plaintiff is directed to make the necessary arrangements to have each monthly payment identified by the civil action number on this order.  It is

FURTHER ORDERED that if within the time allowed the plaintiff fails to have the designated initial partial filing fee or monthly payment sent to the clerk of the court or to show cause as directed above why he has no assets and no means by which to pay the designated initial partial filing fee or make the monthly payments, the Prisoner Complaint will be dismissed without prejudice and without further notice.

*Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915* [Doc. #7], pp. 2-3.

Section 1915(b)(2), 28 U.S.C., requires that a prisoner "shall make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided the prisoner's account exceeds $10.00.  This provision requires the prisoner to make the payment at the time his account is credited, before the prisoner engages in other, discretionary spending.

2

Harris v. Colorado Dept. of Corrections, No. 00-N-1066, 2000 WL 33193816, at *1 (D. Colo. December 19, 2000).

The plaintiff has not made monthly payments to the court nor has he shown cause why he cannot make payments for the months of February, April, May, June, July, August, and September 2011.  Consequently, I ordered that on or before October 31, 2011, the plaintiff must either make the required monthly payments or show cause why he cannot.  *Order to Show Cause* [Doc. #74].  In doing so, I stated the following:

> It is not acceptable for plaintiff to meet his monthly obligations only when specifically called upon by the court through an order to pay or show cause.  Such a procedure unreasonably burdens the court.  Consequently, hereafter I will require plaintiff, by the **15th day** of **each** month and without any further notice from or order of the court, either to make the required monthly payment for each preceding month or to file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment.
>
> Plaintiff is further advised that making purchases at the canteen instead of making his required monthly payments fails to demonstrate good cause for his nonpayment.  See Cosby v. Meadors, 351 F.3d 1324, 1327 (10th Cir. 2003) (noting that "when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments").  If plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I will recommend that the case be dismissed for failure to comply with this order and with the order allowing plaintiff to proceed *in forma pauperis* [Doc. #7].

Id. at p. 3.

In addition, I cautioned the plaintiff that if he failed to show cause on or before October 31, 2011, I would recommend to the district judge that the complaint and this civil action be

dismissed.. Id. at p. 4.  The plaintiff did not respond to the Order to Show Cause.

The plaintiff did not make the required monthly payments for February, April, May, June, July, August, and September 2011, nor did he show cause why he cannot make the payments by submitting a certified copy of his trust fund account statement for those months. Therefore, he has failed to comply with my *Order to Show Cause* [Doc. #74] and the *Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of an Initial Partial Filing Fee* [Doc. #7], and the court may dismiss the action pursuant to D.C.COLO.LCivR 41.1.[1]

Before recommending dismissal of this case as a sanction, I must consider the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992), which include (1) the amount of actual prejudice to the opposing party; (2) the degree of interference with the judicial process; (3) the litigant's culpability; (4) whether the litigant was warned in advance that dismissal was a likely sanction; and (5) whether a lesser sanction would be effective.  See Cosby v. Meadors, 351 F.3d 1324, 1333 (10th Cir. 2003).

I find that any prejudice suffered by the defendants as a result of the plaintiff's failure to comply with the court's orders is minimal and, without more, would be insufficient to warrant dismissal.  I note, however, that the purpose behind requiring prisoners to pay their filing fees is

---

[1]Local rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order.  If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

4

to deter frivolous litigation.  <u>Williams v. Roberts</u>, 116 F.3d 1126, 1127-28 (5th Cir. 1997).

Defendants, and the courts, are burdened by frivolous civil rights cases.  Thus, civil rights

defendants certainly are affected by noncompliance with filing rules that seek to decrease

frivolous litigation.

With regard to the second factor, the plaintiff's failure to comply with court orders has

caused disruption to the judicial process.  Instead of attending to the merits of this case and

others, I have been required to devote attention to this plaintiff's failure to comply with court

orders and §1915(b).  In addition, as noted in the <u>Cosby</u> case, the plaintiff's failure to comply

with his obligation to make payments or show cause demonstrates a lack of respect for the

judicial process and the law; it undermines the uniform application of the rules towards *in forma*

*pauperis* litigants, many of whom comply with their obligations; and it substantially interferes

with the ability of the court to exercise its case administration authority.  Where, as here, a party

flaunts a court's orders or complies only when it is convenient, the fundamental mechanism by

which justice is administered is harmed.

With regard to the issue of culpability, the plaintiff alone is responsible for failing either

to make his payments or show cause why he cannot in compliance with the court's order.

The plaintiff has had ample warning that his case would be dismissed for noncompliance

with the payment and reporting requirements in the Order Granting Plaintiff Leave to Proceed

Pursuant to 28 U.S.C. § 1915 [Doc. #7] and in the Order to Show Cause [Doc. #74].

Finally, I conclude that no sanction less than dismissal with prejudice would be effective.

The plaintiff is proceeding *in forma pauperis*; consequently, a monetary sanction would be

ineffective.  Because the injury from the plaintiff's failure to comply principally is to the judicial

system, and not the defendants, a sanction limiting the plaintiff's ability to present evidence would bear no substantial relation to the misconduct.  Under these circumstances, I am convinced that dismissal of this case with prejudice is an appropriate sanction.

I respectfully RECOMMEND that the plaintiff's Complaint be DISMISSED WITH PREJUDICE pursuant to D.C.COLO.LCivR 41.1 for his failure to make monthly payments of twenty percent of his preceding month's income until his filing fee was paid in full, or show cause each month that he has no assets with which to make the monthly payment, all as directed by the court's orders of August 6, 2010, and October 5, 2011.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 8, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge