IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01658-PAB-BNB

NOUR GRIFFIN EVANS

    Plaintiff,

v.

SERGEANT R. DOIZAKI, individually and in his official capacity as Deputy Sheriff for Arapahoe County,
DEPUTY L. EMERSON, individually and in his official capacity as Deputy Sheriff for Arapahoe County,
DEPUTY D. THOMPSON, individually and in his official capacity as Deputy Sheriff for Arapahoe County,
DEPUTY S. BANCROFT, individually and in his official capacity as Deputy Sheriff for Arapahoe County,
DEPUTY D. KLEINHEKSEL, individually and in his official capacity as Deputy Sheriff for Arapahoe County,
DEPUTY C. WENZEL, individually and in his official capacity as Deputy Sheriff for Arapahoe County,
DEPUTY T. BAHRS, individually and in his official capacity as Deputy Sheriff for Arapahoe County,
DEPUTY B. KNUDSEN, individually and in his official capacity as Deputy Sheriff for Arapahoe County,
DEPUTY S. ROLEN, individually and in his official capacity as Deputy Sheriff for Arapahoe County, and
DEPUTY K. ELLEDGE, individually and in his official capacity as Deputy Sheriff for Arapahoe County,

    Defendants.

_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

    This matter is before the Court on the Recommendation of United States Magistrate Judge Boyd N. Boland filed on November 8, 2011 [Docket No. 75]. The Recommendation states that objections to the Recommendations must be filed within fourteen days after service on the parties. *See also* 28 U.S.C. § 636(b)(1)(C). The

Recommendation was served on November 8, 2011. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, I have reviewed the Recommendation to satisfy myself that there is "no clear error on the face of the record."[1]  See Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, I have concluded that the Recommendation is a correct application of the facts and the law. Accordingly, it is

**ORDERED** as follows:

1. The Recommendation of United States Magistrate Judge [Docket No. 75] is ACCEPTED.

2. Plaintiff's complaint is dismissed with prejudice pursuant to D.C.COLO.LCivR 41.1 for plaintiff's failure to make monthly payments of twenty percent of his preceding month's income until his filing fee was paid in full, or show cause each month that he has no assets with which to make the monthly payment.

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

DATED November 30, 2011.

                              BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge